UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/18

TYREEN BROWN,

                    Plaintiff,

  -against-

SERGEANT MARKHAM; C.O. MILLER; LT.
MURPHY; I.G.P. SUPERVISOR LAURA
STANAWAY,

                    Defendants.

No. 16-CV-0710 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Tyreen Brown commenced this *pro se* action pursuant 42 U.S.C. § 1983,

alleging violations of his Fourteenth Amendment due process rights in connection with his

thirty-day keeplock confinement at Green Haven Correctional Facility. (*See* Am. Compl., ECF

No. 9.)

      Presently before the Court is Defendants' motion dismiss the Complaint pursuant to

Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6),

for failure to state a claim. (ECF No. 35.)

      For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I.    Factual Background[1]

---

[1] The following facts are primarily derived from the Complaint, and are assumed as true for the
purposes of Defendants' motion to dismiss. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104,
111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to

Plaintiff Tyreen Brown, an inmate formerly incarcerated at Green Haven Correctional Facility, was getting out of the shower when he fell and injured his face. (Am. Compl. at 3; Pl.'s Mem. of Law in Opp. to Defs.' Mot. to Dismiss ("Pl.s' Opp.") at 1, ECF No. 47.) Defendant Markham, a sergeant at the correctional facility, subsequently issued an inmate misbehavior report against Plaintiff on January 21, 2015 relating to the events in the shower. (Pl.'s Opp. at 1.) Defendant Markham's report included allegations that Defendant Miller—a correctional officer at Green Haven—witnessed an inmate forcefully push Plaintiff out of the shower. (*Id.*; Pl.'s Ex. A, Inmate Misbehavior Report dated January 21, 2015, ECF No. 5.) The report further alleged that Plaintiff and the other inmate began to argue and refused to comply with Defendant Miller's orders to report to the front of the company—allegations which Plaintiff denies. (Pl.'s Opp. at 1.) This report charged Plaintiff with various rule violations, including fighting, refusing a direct order, and violent conduct. (Pl.'s Ex. A.) As a result of these allegations, Plaintiff was placed in keeplock confinement—a type of residential segregation—for a period of thirty days, pending the resolution of a disciplinary hearing relating to these charges. (Pl.'s Opp. at 1.)

A disciplinary hearing concerning Plaintiff's charged rule violations was held beginning on January 28, 2015, with Defendant Murphy as the hearing officer. (Pl.'s Ex. D, Disciplinary

---

Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). Because Plaintiff is a pro se litigant, this Court will also consider the factual allegations included in his opposition to Defendants' motion as well as the documents attached to that opposition. *See Walker v. Schult*, 717 F.3d 119, 112 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)); *see also Collins v. Fischer*, No. 15-CV-103 (KMK), 2018 WL 1626528, at *4 (S.D.N.Y. Mar. 30, 2018) ("In deciding a motion to dismiss a pro se complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers." (internal quotation marks and citations omitted)).

Hearing Disposition.) The hearing was adjourned a number of times due to the unavailability of the facility's witnesses. (Pl.'s Ex. B-2,[2] Summary of Disciplinary Proceedings.) Ultimately, three witnesses testified during the hearing: C.O Miller, C.O. Griset, and Sergeant Surber. (*Id.*) Despite Plaintiff's efforts to call him as a witness, Defendant Markham—who had prepared the initial misbehavior report—did not testify at the hearing. (Am. Compl. at 3.)

At the conclusion of the hearing, Defendant Murphy administratively dismissed the charges against Plaintiff and Plaintiff received no further discipline. (Pl.'s Exs. B-2 & D.)

On January 22, 2015—the day after the shower incident—Plaintiff filed a grievance, claiming that the inmate misbehavior report, the charged rule violations, and his resulting keeplock were based on "lies, bias, [and] prejudice. (Pl.'s Ex. B-1, Jan. 22, 2018 Grievance.) The Inmate Grievance Coordinator, Defendant Stanaway, returned Plaintiff's grievance with a note that Plaintiff's concerns were not grievable and that he could "bring [these] issues up on appeal and in his [disciplinary] hearing." (*Id.*)

Plaintiff claims to have filed a second grievance on March 10, 2015, the contents of which are unclear based on Plaintiff's submissions, that was again denied. (Am. Compl. at 4.)

## II.    Procedural Background

On January 28, 2016, Plaintiff commenced the present action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights in connection with his keeplock confinement at Green Haven Correctional Facility. (ECF No. 1.) Plaintiff subsequently amended his complaint on May 18, 2016. (ECF No. 9.) Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject

---

[2] Plaintiff appears to have submitted two exhibits labeled "B." The Court will refer to the first of such exhibits as  "Exhibit B-1" and the second as "Exhibit B-2,"

matter jurisdiction, and 12(b)(6), for failure to state a claim, on May 22, 2017. (ECF No. 35.) Specifically, Defendants contend that Plaintiff failed to plausibly allege any due process claim and that all claims for monetary damages against Defendants in their official capacities should be dismissed. (Def.'s Mem of Law in Supp. of Mot. to Dismiss at 1–3, ECF No. 36.) The Court now considers each of Defendant's arguments in turn.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a 12(b)(6) motion, the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Nor must the Court credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to Rule 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff

either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp., plc.* 706 F.3d 145, 152 (2d Cir. 2013).

As to a motion brought under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "[T]he court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). Though a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, [it] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

"Where, as here, a plaintiff proceeds *pro se*, the court must 'construe [ ] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s].'" *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (alterations in original) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "'the liberal treatment afforded to pro se litigants does not exempt a pro se party from

compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).[3]

## DISCUSSION

### I.    Due Process Claims

Plaintiff appears to assert four claims pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment due process rights. First, Plaintiff alleges that C.O. Miller violated his due process rights by authoring a false misbehavior report and by providing "uncredible" testimony at his disciplinary proceeding. (Am. Compl. at 2–3.) Second, Plaintiff alleges that Defendants Markham and Murphy violated his rights when Defendant Murphy failed to compel Defendant Markham to testify at Plaintiff's disciplinary proceeding. (*Id.*) Third, Plaintiff also alleges that Defendant Murphy further violated his due process rights by failing to provide Plaintiff with a written disposition, outlining the evidence relied on to reach his determination at the conclusion of the hearing. (*Id.*) Finally, Plaintiff claims that Defendant Stanaway violated his Fourteenth Amendment rights by denying his grievances relating to the purported procedural shortcomings of his disciplinary hearing. (*Id.*)

Defendants argue that Plaintiff has failed to state a claim for any due process violation because he has not plausibly alleged a protected liberty interest. This Court agrees and grants Defendants' motion to dismiss Plaintiff's due process claims.

---

[3] The Court notes that it is unsettled "whether Eleventh Amendment immunity relates to subject matter jurisdiction, in which case it should be raised pursuant to a Rule 12(b)(1) motion, or to the legal sufficiency of a complaint, in which case it should be raised pursuant to a Rule 12(b)(6) motion." *Iwachiw v. New York City Bd. of Elections*, No. 12-CV-3520 (JMF), 2013 WL 3110839, at *2 (S.D.N.Y. June 20, 2013). However, the distinction is not material for the purposes of the present motion, as the Court has relied solely on the Amended Complaint and other documents that may properly be considered under the stricter requirements of Rule 12(b)(6). *Id.*

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To state a procedural due process claim, Plaintiff must show "(1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted).

With regard the first prong, the Supreme Court has held that "[p]rison discipline implicates a liberty interest [only] when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "Factors relevant to determining whether the plaintiff endured an 'atypical and significant hardship' include the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation imposed. . . ." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (internal quotation marks omitted).

Here, Plaintiff admits that he was subjected to thirty days in keeplock confinement. (Pl.'s Opp. at 1.) While the Second Circuit has declined to establish bright-line rules in this area, Courts in this Circuit have consistently found that such limited periods of segregation do not, without more, constitute "atypical and significant hardships." *See Borcsok v. Early*, 299 F. App'x 76, 78 (2d Cir. 2008) ("Even if we include the eleven days that [Plaintiff] spent in the SHU before the disciplinary hearing with the ninety days he received as part of his penalty, the duration of his confinement was neither atypical nor significant."); *Thomas v. DeCastro*, No. 14-CV-6409 (KMK), 2018 WL 1322207, at *7 (S.D.N.Y. Mar. 13, 2018) ("[E]ven if Plaintiff were subjected to 90 days of keeplock, the absence of any allegations regarding the conditions of that confinement means that Plaintiff has failed to demonstrate a liberty interest entitling [him] to due

process." (internal quotation marks omitted)); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 511 (S.D.N.Y. 2012) ("[Plaintiff] alleges she was assigned to 60 days of keeplock confinement . . . . Absent additional particularized allegations regarding the harshness of the confinement . . . such a penalty, under the case law, is insufficient to rise to the level of a due process violation.").

Indeed, the Second Circuit has concluded that even a *101-day* confinement in restrictive housing "with conditions only incrementally more severe than general population conditions, did not meet the . . . standard of atypicality." *Richardson v. Williams*, No. 15-CV-4117 (VB), 2017 WL 4286650, at *6 (S.D.N.Y. Sept. 26, 2017) (internal quotation marks omitted) (citing *Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999)). The Second Circuit has also recognized, however, that shorter periods of restrictive housing may implicate a protected liberty interest where an inmate shows they were subjected to conditions of confinement "more severe than the normal SHU conditions." *Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 2004). The Second Circuit has, thus, cautioned that "development of a detailed record" of the conditions of confinement is typically required for the adjudication of a due process claim arising from an individual's placement in segregated housing. *Id.* Even "[a]bsent a detailed factual record, [however,] courts typically affirm dismissals of due process claims where the period of time spent in the SHU was short—*e.g.*, thirty days—and there was no indication of unusual conditions." *Thomas*, 2018 WL 1322207, at *6; *see also Palmer*, 364 F.3d at 66.

In the present action, the Amended Complaint is entirely devoid of any factual allegations regarding the specific conditions of Plaintiff's keeplock confinement. Given the lack of such allegations and the relatively abbreviated length of Plaintiff's placement in keeplock, the Court finds that Plaintiff has failed to plausibly allege any protected liberty interest. Accordingly, Defendant's motion to dismiss the Amended Complaint is granted.

To the extent, however, that Plaintiff can provide additional allegations suggesting any atypicality of his keeplock confinement, Plaintiff is granted leave to replead his claims. *See Barnes v. United States*, 204 F. App'x. 918, 919 (2d Cir. 2006) (summ. order) (recognizing that a *pro se* complaint "should not be dismissed without granting leave to replead at least once when [a liberal] reading gives any indication that a valid claim might be stated." (quotations omitted)). The Court cautions Plaintiff that he will have to identify conditions *more* severe than those typically associated with SHU confinement to state a viable due process claim. *See Palmer*, 364 F.3d at 65. A typical retraction of his privileges, while undoubtedly distressing for Plaintiff, will not suffice. *See Ortiz*, 380 F.3d at 655 (noting that "ordinarily, SHU prisoners are kept in solitary confinement for twenty-three hours a day, provided one hour of exercise in the prison yard per day, and permitted two showers per week."); *Thomas*, 2018 WL 1322207, at *6 (noting that a withholding of privileges during keeplock confinement is insufficient to give rise to a protected liberty interest).

## II.     Monetary Damages

Defendants also move to dismiss Plaintiff's 42 U.S.C. § 1983 claims for monetary damages against them in their official capacity.  "[T]he Second Circuit has held that '[t]o the extent that a state official is sued for damages in [his] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.'" *Davis v. Westchester Cty. Family Court*, No, 16-CV-9487 (KMK), 2017 WL 4311039, at *6 (S.D.N.Y. Sept. 26, 2017) (quoting *Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)). The Eleventh Amendment generally "forbids suits against states for monetary damages." *Kirkendall v. Univ. of Connecticut Health Ctr.*, 205 F.3d 1323 (2d

Cir. 2000). Thus, Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed *with* prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is GRANTED. Plaintiff's Fourteenth Amendment claims are dismissed, without prejudice. Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed with prejudice.

Plaintiff shall have until June 19, 2018 to amend his complaint in accordance with this Court's decision using the attached form. Because the Court has dismissed the entirety of Plaintiff's current Complaint, failure to timely file a Second Amended Complaint will result in the dismissal of this action. If Plaintiff elects to file an amended complaint, Defendants shall answer or seek a pre-motion conference on any potential motion to dismiss by July 19, 2018.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 35, mail a copy of this order to the Plaintiff, and file proof of service on the docket.


Dated:    April 20, 2018                                    SO ORDERED:
          White Plains, New York


                                              NELSON S. ROMÁN
                                              United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
(check one)

___ Civ. _____ (    )

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's    Name_____
              ID#_____
              Current Institution_____
              Address_____
              _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant  No. 2          Name _____ _____ Shield #_____

                          Where Currently Employed _____

                          Address _____

                          _____


Defendant  No. 3          Name _____ _____ Shield #_____

                          Where Currently Employed _____

                          Address _____

                          _____


Who did
what?

Defendant  No. 4          Name _____ _____ Shield #_____

                          Where Currently Employed _____

                          Address _____

                          _____


Defendant  No. 5          Name _____ _____ Shield #_____

                          Where Currently Employed _____

                          Address _____

                          _____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.     In what institution did the events giving rise to your claim(s) occur?

       _____
       _____


B.     Where in the institution did the events giving rise to your claim(s) occur?

       _____


C.     What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

       _____
       _____
       _____


D.     Facts: _____

What
happened
to you?

       _____
       _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |
|---|

_____
_____
_____
_____

| Who else saw what happened? |
|---|

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____    No _____    Do Not Know _____

       If YES, which claim(s)?

       _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____    No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

       _____

       1.    Which claim(s) in this complaint did you grieve?

          _____

          _____

       2.    What was the result, if any?

          _____

          _____

       3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

          _____

          _____

          _____

          _____

F.    If you did not file a grievance:

       1.    If there are any reasons why you did not file a grievance, state them here:

          _____

          _____

_____
_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you
      informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
      remedies.

_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
       administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
action?

      Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If
there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using
the same format.)

      1.    Parties to the previous lawsuit:

      Plaintiff _____
      Defendants _____

      2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.    Docket or Index number  _____

_____  4.    Name of Judge assigned to your case_____

      5.    Approximate date of filing lawsuit  _____

      6.    Is the case still pending?  Yes _____  No _____

           If NO, give the approximate date of disposition_____

      7.    What was the result of the case? (For example:  Was the case dismissed?  Was there
judgment in your favor?  Was the case appealed?) _____
_____

_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

      Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If
there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using
the same format.)

      1.    Parties to the previous lawsuit:

      Plaintiff _____
      Defendants _____

      2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.    Docket or Index number  _____

_____  4.    Name of Judge assigned to your case_____

      5.    Approximate date of filing lawsuit  _____

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Inmate Number       _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____