USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYREEN BROWN,

                              Plaintiff,

    -against-

LT. MURPHY,

                              Defendant.

No. 16-CV-0710 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Tyreen Brown commenced this *pro se* action pursuant 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights in connection with a disciplinary hearing resulting in thirty-day keeplock confinement at Green Haven Correctional Facility. (*See* Second Am. Compl. ("SAC"), ECF No. 57.)

Presently before the Court is Defendant's motion dismiss the SAC pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim. (ECF No. 64.)

For the reasons that follow, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

### I.    Factual Background

The following facts are drawn from the SAC and are accepted as true for the purposes of this motion. The Court also considered documents incorporated into the SAC by reference. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Plaintiff Tyreen Brown, an inmate formerly incarcerated at Green Haven Correctional Facility, was issued a misbehavior report after he was involved in an altercation in the Green Haven showers on January 21, 2015. (SAC pp. 2 – 3); (Stabile Decl. ¶ 2, Ex. A, ECF No. 65.)

As a result of the report, a disciplinary hearing was held from January 28, 2015 to March 13, 2015 before Defendant Murphy. (SAC p. 2); (Stabile Decl. ¶ 4, Ex. C.) For thirty days, while his hearing was pending, Plaintiff was confined to keeplock. (SAC p. 2 & 4); (Stabile Decl. ¶ 5, Ex. D.)[1]

Plaintiff alleges that Defendant Murphy violated his Fourteenth Amendment due process rights by (1) failing to call an important witness, the officer who issued the misbehavior report; (2) neglecting to provide Plaintiff with a disposition of the hearing; and (3) being "bias[ed], prejudice[d], [and by] using inter-departmental loyalty" to deny Plaintiff due process. (SAC p. 3.)

At the conclusion of the hearing, Defendant Murphy administratively dismissed the charges against Plaintiff. (Stabile Decl. ¶ 6, Ex. E.)

## II. Procedural Background

On January 28, 2016, Plaintiff commenced the present action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights. (ECF No. 1.) Plaintiff subsequently amended his Complaint on May 18, 2016. (ECF No. 9.) Then-Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim, on May 22, 2017. (ECF No. 35.) On April 20, 2018, the Court issued an Opinion ("2018 Opinion," ECF No. 55) granting Defendants' motion to dismiss because Plaintiff failed to allege that Defendants deprived him of an interest protected under the Fourteenth Amendment. *Brown v. Markham*, No. 16-CV-710(NSR), 2018 WL 1918625, at *4 – 5 (S.D.N.Y. Apr. 20, 2018). Although the Court granted the motion to dismiss, out of deference to Plaintiff's *pro se* status, it also granted

---

[1] The exhibit numbers are incorrect in the Stabile Declaration. After comparing the content of the exhibits to the text of the declaration, the Court understands "Exhibit E" in paragraph 5 to in fact refer to Exhibit D.

Plaintiff leave to amend his Amended Complaint "[t]o the extent . . . that Plaintiff can provide additional allegations suggesting any atypicality of his keeplock confinement." *Id.* at *5. Plaintiff filed the SAC on June 19, 2018 and Defendant Murphy, the sole remaining Defendant, filed the motion to dismiss currently before this Court on November 15, 2018. (ECF No. 64.)

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a Rule 12(b)(6) motion, the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). Similarly, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to Rule 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff

either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Where, as here, a plaintiff proceeds *pro se*, the court must construe the complaint liberally and interpret it to "raise the strongest arguments that [it] suggest[s]." *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## DISCUSSION

Plaintiff's SAC contains no allegations to support a facially plausible claim that Defendant violated the Fourteenth Amendment's Due Process Clause.

In its 2018 Opinion, the Court instructed Plaintiff that in order to state a procedural due process claim, a plaintiff must plausibly allege first that the defendant deprived him of a cognizable interest in life, liberty, or property and next that the defendant did so without affording him constitutionally sufficient process. *Brown v. Markham*, No. 16-CV-710(NSR), 2018 WL 1918625, at *4 (S.D.N.Y. Apr. 20, 2018) (citing *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017)). To implicate a liberty interest, prison discipline, such as confinement to keeplock, must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation mark omitted). As noted in the 2018 Opinion, under precedent in the Second Circuit, Plaintiff's thirty-day time in keeplock was not an atypical hardship and therefore was not a deprivation of a liberty interest. *Brown*, 2018 WL 1918625, at *4 (citing cases). "Courts in this Circuit have consistently found that such

limited periods of segregation do not, without more, constitute 'atypical and significant hardships.' " *Id.* (citing *Borcsok v. Early*, 299 F. App'x 76, 78 (2d Cir. 2008). However, the Court granted Plaintiff leave to replead if he could provide "additional allegations suggesting any atypicality of his keeplock confinement" because such allegations could, if atypical and significant hardships, support a facially plausible Fourteenth Amendment due process claim. *Id.* at *5.

Despite this, Plaintiff's SAC is devoid of any allegations of the conditions of his keeplock confinement or any other fact suggesting that Plaintiff was deprived of a protected liberty interest. In fact, the SAC only mentions keeplock twice, once when stating that Plaiintiff' altercation with another inmate led him "to be keeplocked" and again when noting that Plaintiff grieved "all claims about [ ] being keeplocked." (SAC pp. 2 & 4.) Such allegations provide no insight into the typicality or atypicality of Plaintiff's time in keeplock. *Cf. Borcsok v. Early*, 299 F. App'x 76, 78, 2008 WL 4831409, at *2 (2d Cir. 2008) ("Because [Plaintiff] does not complain of the conditions of his confinement, any protected liberty interest he possessed would be based upon the duration of his confinement."); *Muhammad v. Corr. Officer Douglas*, No. 15-CV-0935(NSR), 2016 WL 3082657, at *7 (S.D.N.Y. May 25, 2016) (holding that the plaintiff's allegations that he received cold meals and was segregated during recreation while in keeplock were not atypical or significant hardships); *Nunez v. Herbert*, No. 03-CV-93A(F), 2008 WL 510433, at *3 (W.D.N.Y. Feb. 21, 2008) (denying the plaintiff permission to amend his complaint because, in part, no allegations in the proposed amended complaint suggested that the conditions under which the plaintiff was confined in keeplock were atypical). As with his previous Amended Complaint, which was dismissed in the 2018 Opinion, Plaintiff relies on the fact that he was confined to keeplock for thirty days to support his Due Process Clause claim.

5

However, as discussed in the 2018 Opinion and *supra* in this Opinion, confinement to keeplock for thirty days, without more, is not a sufficient deprivation of a liberty interest to support a Fourteenth Amendment claim.[2] Without a denial of a cognizable liberty or other protected interest, there is no violation of the Due Process Clause. *Amaker v. Lee*, No. 13-CV-5292(NSR), 2019 WL 1978612, at *15 (S.D.N.Y. May 3, 2019); *Thompson v. LaClair*, No. 08-CV-0037(FJS)(DEP), 2009 WL 2762164, at *5 (N.D.N.Y. Aug. 25, 2009).

Assuming Plaintiff sufficiently alleged that he was deprived of a cognizable liberty interest, Plaintiff's claims against Defendant would fail because he does not plausibly allege that he was not afforded constitutionally sufficient process.

Plaintiff alleges that Defendant deprived him of an important witness and never called the witness, but these allegations are not enough to show that Plaintiff was deprived of his due process right to summon witnesses. Typically, inmates "may request witnesses either before or during a disciplinary hearing." *Marino v. Humphrey*, No. 05-CV-6571(SAS), 2006 WL 2786182, at *6 (S.D.N.Y. Sept. 27, 2006). The right to call witnesses, however may be waived, particularly by "failing to make or reiterate a request" for a witness. *Id.* "[A] prisoner must object to the hearing officer's failure to call a requested witness before the close of the hearing, or he is deemed to have waived that request." *Id.* "This is true regardless of whether the

---

[2] In his opposition, Plaintiff cites to several cases in an attempt to show that he has stated a facially plausible due process claim. However, those cases concern areas of law not at issue here, are inapplicable to the facts in the SAC, or do not otherwise show that Plaintiff was deprived of a constitutionally protected liberty interest. For example, Plaintiff cites to *Perez v. Hume* to support that alleging that a defendant acted out of "inter-departmental loyalty" is sufficient for a Fourteenth Amendment due process claim. No. 14-CV-6349(FPG), 2017 WL 953204, at *3 (W.D.N.Y. Mar. 10, 2017). However, as discussed *infra*, Plaintiff failed to show that he was deprived of any protected interest to trigger due process in the first place. Plaintiff also cites to *Dolan v. Connolly*, but for the law for a First Amendment retaliation claim, which is not the issue here. No. 13-CV-5726(GBD)(GWG), 2017 WL 193286, at *4 (S.D.N.Y. Jan. 18, 2017). Plaintiff is correct that the court stated in *Russell v. Coughlin* that due process required that an inmate facing a disciplinary hearing have the opportunity to call witnesses, but the court also indicated that the inmate must first show that he was deprived of a liberty interest. 774 F. Supp. 189 at 194 (S.D.N.Y. 1991).

prisoner requested the witness before or during the hearing, so long as the request was not specifically denied." *Id.* Here, Plaintiff does not allege that he objected to Defendant's failure to call a witness at any point before the law suit, not to mention before the close of this hearing.

Plaintiff's remaining complaints about the process he received during the hearing are similarly without merit. Taking Plaintiff's allegation that he never received a written disposition of the hearing as true, such an error is harmless because the hearing was administratively dismissed and there are no allegations that Plaintiff received further discipline. *Bullock v. Reckenwald*, No. 15-CV-5255(LTS)(DF), 2016 WL 5793974, at *7 (S.D.N.Y. Aug. 24, 2016) (holding that failure to provide a written statement of the disposition of the hearing does "not . . . warrant court intervention into prison disciplinary proceedings where those violations are harmless or non-prejudicial"); *Lunney v. Brureton*, No. 04-CV-2438(LAK)(GWG), 2007 WL 1544629, at *29 (S.D.N.Y. May 29, 2007) (recommending that the plaintiff's claim that he was denied due process because he did not receive a written disposition of his discipline hearing be denied because any failure to provide the disposition was harmless and did not interfere with the plaintiff's ability to raise the alleged illegality of his sentence). Plaintiff also alleges that Defendant was biased and used "inter-departmental loyalty" to deny him due process, but he fails to allege any facts supporting these claims. Conclusory allegations of bias are not enough to show that a plaintiff received constitutionally insufficient process. *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) ("[W]e have required pleadings under § 1983 to contain more than mere conclusory allegations."); *Colon v. Annucci*, 344 F. Supp. 3d 612, 638 (S.D.N.Y. 2018) (dismissing a plaintiff's due process claim because his statement that a hearing officer was biased was only supported by conclusory allegations, not "factual details rendering such a claim plausible").

7

Plaintiff has already had two extra bites at the apple; he filed two amended complaints in addition to his initial complaint. "[T]he court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991). On two occasions, the Court granted Plaintiff permission to amend his Complaint. (ECF Nos. 7 & 55.) In the 2018 Opinion, the Court carefully outlined the law on what was required to plead a facially plausible Fourteenth Amendment claim and granted Plaintiff permission to amend his Amended Complaint to the extent that he could provide any "additional allegations suggesting any atypicality of his keeplock confinement." *Brown v. Markham*, No. 16-CV-0710(NSR), 2018 WL 1918625, at *5 (S.D.N.Y. Apr. 20, 2018). He again amended his pleading, but he did not provide any allegations which would support a facially plausible Fourteenth Amendment claim. Even under a liberal interpretation, the SAC fails to give any indication that a valid claim might be stated. As the Court has repeatedly stated, thirty days in keeplock confinement alone does not implicate a liberty interest and there are no other facts in the SAC to suggest that Plaintiff was otherwise deprived of a protected interest.

Access to the legal system, even by those who cannot afford legal representation, is both necessary and just, and the Court is sympathetic to the challenges faced by a *pro se* plaintiff. However, the Court must also consider judicial economy and its ability to treat each case before it with due care. If, after a liberal reading and making every reasonable inference in the plaintiff's favor, a *pro se* plaintiff fails to state a claim upon which relief can be granted despite having received the opportunity to amend his complaint, the Court can dismiss the case under Rule 12(b)(6) with prejudice. *See Caddick v. Personnel Co. I LLC*, No. 16-CV-7326(ALC), 2018 WL 3222520, at *8 n.5 (S.D.N.Y. June 29, 2018) (dismissing a plaintiff's claims with

prejudice because leave to amend would be futile); *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 318 (S.D.N.Y. 2015) (dismissing a *pro se* plaintiff's complaint with prejudice because the plaintiff failed to state a plausible claim and because the court had already twice granted the plaintiff leave to amend his pleading). Litigants, even those proceeding *pro se*, must comply with procedural and substantive requirements under the law. *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013). Accordingly, because Plaintiff has previously been granted leave to file an amended complaint and still fails to state a facially plausible claim, his SAC is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the SAC with prejudice is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 64, mail a copy of this order to the Plaintiff, and file proof of service on the docket. The Clerk of the Court is also respectfully directed to close this case.

Dated: May 30, 2019
        White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge